UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRUSTEES OF THE UNITED ASSOCIATION NATIONAL PENSION FUND, <br><br> Plaintiff, <br><br> v. <br><br> ELDRED AIR CONDITIONING, INC., d/b/a ELDRED A/C, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:23-cv-1012 (MSN/LRV) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Default Judgement (Dkt. No. 11). Pursuant to 28 U.S.C. § 636(b)(1)(C), and upon consideration of all relevant filings in this matter, the undersigned Magistrate Judge files this Report and Recommendation, a copy of which will be provided to all interested parties.

**I.   Introduction**

On July 31, 2023, Plaintiff, Trustees of the United Association National Pension Fund, formerly known as the Plumbers and Pipefitters National Pension Fund (the "Pension Fund"), filed this action pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), against Defendant Eldred Air Conditioning, Inc. ("Eldred A/C") seeking unpaid contributions, interest, and liquidated damages owed pursuant to the terms of a Collective Bargaining Agreement ("CBA"), as well as costs and attorneys' fees as provided by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).  (Dkt. No. 1.)

Defendant Eldred A/C has failed to appear in this matter or otherwise respond to Plaintiff's complaint. After the Clerk of Court entered default against Defendant on October 16, 2023 (Dkt. No. 10), Plaintiff filed the instant motion, accompanying memorandum, declarations, and supporting documentation. On November 17, 2023, the undersigned held a hearing on Plaintiff's Motion for Default Judgment. Plaintiff appeared at the hearing; Defendant did not appear. The Court took the matter under advisement to issue this Report and Recommendation.[1] (*See* Dkt. No. 15.)

## II. Legal Standard

Federal Rule of Civil Procedure 55 provides that default judgment may be entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a)–(b). Although a defaulting defendant is deemed to have admitted the well-pleaded allegations of fact set forth in the complaint, *see* Fed. R. Civ. P. 8(b)(6), conclusions of law or "allegations regarding liability that are not 'well-pleaded'" are not deemed admitted. *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 540 (D. Md. Feb. 2, 2011) (quoting *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)); *see also JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014). Before entering default judgment, therefore, the Court must determine whether the facts, as alleged in Plaintiff's complaint, state a claim for relief. *JTH Tax, Inc.*, 8 F. Supp. at 736 (citing *Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians*, 187 F.3d 628 (4th Cir. 1999) (unpublished table decision)). The Court must also find that there is subject-matter jurisdiction, personal jurisdiction over the defaulting defendant, and that venue

---

[1] The record includes the complaint (Dkt. No. 1); affidavit of service (Dkt. No. 7 at 2); the Clerk's October 16, 2023 entry of default against Defendant Eldred A/C (Dkt. No. 10); Plaintiff's Motion for Default Judgment (Dkt. No. 11); Plaintiff's Memorandum in Support of Motion for Default Judgment (Dkt. No. 12); the declaration of Toni C. Inscoe and exhibits thereto (Dkt. No. 12-1); and the declaration of John R. Harney and exhibits thereto (Dkt. No. 12-2). Additionally, on December 1, 2023, pursuant to the Court's instruction at the November 17, 2023 hearing, Plaintiff filed a supplemental memorandum, declaration, and exhibit in support of its Motion. (Dkt. No. 17.)

and service of process are proper. *See Bd. Trs., Sheet Metal Workers' Nat'l Pension Fund v. Sun-Air Sheet Metal, Inc.*, 1:22CV1143, 2023 WL 4167052, at *1 (E.D. Va. May 5, 2023), *report and recommendation adopted*, 2023 WL 4157628, at *1 (E.D. Va. June 22, 2023).

### III.  Jurisdiction and Venue

First, the Court has subject matter jurisdiction pursuant to 29 U.S.C. §§ 185(c), 1132(e), 1132(f), and 28 U.S.C. § 1331, because this case arises under two federal statutes—ERISA and the LMRA.  (*See* Dkt. No. 1 ¶ 3.)

Second, the Court has personal jurisdiction over Defendant pursuant to ERISA's nationwide service of process provision, 29 U.S.C. 1132(e)(2), which permits an ERISA action to be brought in federal court in the district "where the plan is administered" and process to be "served in any other district where a defendant resides or may be found."  *See Trs. Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs.*, 791 F.3d 436, 443–44 (4th Cir. 2015) ("Where a defendant has been validly served pursuant to a federal statute's nationwide service of process provision, a district court has personal jurisdiction over the defendant so long as jurisdiction comports with the Fifth Amendment.").  Here, the Pension Fund is administered in Alexandria, Virginia, which is within this District.  (*See* Dkt. No. 1 ¶ 1.)  Defendant—which is incorporated in Florida with its principal place of business in West Palm Beach, Florida (*id.* ¶ 2)—was properly served there.  (*See* Dkt. No. 7 at 2.)  Because there are no facts suggesting that litigating in this Court would cause an inconvenience to Defendant that would "rise to a level of constitutional concern," 791 F.3d at 444 (quoting *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 626–27 (4th Cir. 1997)), the Court has personal jurisdiction over Defendant Eldred A/C.

Finally, venue is proper in this Court pursuant to 29 U.S.C. §§ 185(c), 1132(e)(2), because the Pension Fund is administered in Alexandria, Virginia, which is within this District.  (*See* Dkt. No. 1 ¶ 1.)

### IV. Service of Process

Before rendering default judgment, the Court must find that Defendant Eldred A/C has been properly served. Under ERISA, service of process is proper in any district where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Pursuant to Federal Rule of Civil Procedure 4(h), service upon a corporate entity, such as Defendant, in the United States must be made "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1). Here, the complaint and summons were personally served on Crystal Eldred, owner of Defendant, at its principal place of business on August 17, 2023. (Dkt. No. 7 at 2.) Accordingly, service of process was properly effectuated.

### V. Grounds for Entry of Default

In accordance with Federal Rule of Civil Procedure 15(a), Defendant Eldred A/C was required to respond to the complaint by September 7, 2023—twenty-one (21) days after service was completed on August 17, 2023. (Dkt. No. 7.) No responsive pleading has been filed, and the time for doing so has since expired. On October 13, 2023, Plaintiff filed a request for entry of default against Defendant (Dkt. No. 9), which the Clerk of Court entered on October 16, 2023 (Dkt. No. 10). Accordingly, because notice of this action was proper and Defendant has not responded to the complaint or otherwise taken any action to defend this action, the Clerk of Court properly entered a default as to Defendant Eldred A/C.

### VI. Liability

Because a default has been entered, Defendant Eldred A/C is deemed to have admitted the well-pleaded factual allegations in Plaintiff's complaint. *See* Fed. R. Civ. P. 8(b)(6); *JTH Tax, Inc.*, 8 F. Supp. 3d at 736. Based on those allegations, and as supported by Plaintiff's Motion for Default

4

Judgment and the memorandum, declarations, and exhibits thereto (Dkt. Nos. 25 through 26-2), the undersigned recommends a finding that Defendant is liable to Plaintiff for the alleged unpaid contributions, as explained in further detail below.

Plaintiff in this action is pursuing default judgment against Defendant under ERISA and the LMRA. Pursuant to ERISA, 29 U.S.C. § 1145, employers are required to comply with their obligations to multiemployer plans by making contributions in accordance with the terms and conditions of the plan or collective bargaining agreement. To enforce this requirement, ERISA allows for the recovery of delinquent contributions in federal court along with pre- and post-judgment interest, liquidated damages, and attorneys' fees and costs. *See* 29 U.S.C. § 1132. Additionally, the LMRA, 29 U.S.C. § 185(a), provides a federal cause of action for breach of a collective bargaining agreement. This provision provides a separate basis for relief apart from the enforcement provisions of ERISA that were "intended to supplement rather than supersede the rights existing under 29 U.S.C. § 185(a)." *Bugher v. Feightner*, 722 F .2d 1356, 1359 (7th Cir. 1983).

Here, Plaintiffs are the trustees and named fiduciary of the Pension Fund, a multi-employer employee benefit plan as defined under ERISA, which is administered from offices located in Alexandria, Virginia. (*See* Dkt. No. 1 ¶ 1.) At all times relevant to this action, Defendant Eldred Air Conditioning, Inc. was an "employer in an industry affecting commerce," as defined under the LMRA and ERISA, and employed employees covered by a CBA with United Association Local Union No. 630 (the "Local 630 CBA"), to which Defendant remained bound. (*Id.* ¶¶ 2, 4–6); *see* 29 U.S.C. §§ 1002(5), (11), (12); 29 U.S.C. §§ 142(1), (3), 152(2). Notably, although Plaintiff has provided Defendant's signature page only for the version of the Local 630 CBA covering the period July 1, 2016 through June 30, 2019 (Dkt. No. 12-1 at 38–39), Defendant remained bound to the terms of subsequent versions of the Local 630 CBA covering the period at issue in this action (i.e., 2021 through 2023). (Dkt. No. 1 ¶¶ 5–6; *see* Dkt. No. 17 at 1–2.) Specifically, upon Defendant's execution

5

of the Local 630 CBA, its obligation to contribute to the Pension Fund continued indefinitely until affirmatively terminated, even absent subsequent signatures to successive agreements. Indeed, the versions of the Local 630 CBAs in effect from July 1, 2019 through June 30, 2022 and July 1, 2022 through June 30, 2023 both state that they "shall also be effective from year to year after the ending date . . . unless either party gives written notice to the other party." (Dkt. No. 12-1 at 21; Dkt. No. 17-1 at 18.) Thus, because "Plaintiff has received nothing suggesting that Defendant ever terminated" the Local 630 CBA, Defendant remained bound to its terms. (Dkt. No. 17 at 2.) Additionally, as the Fourth Circuit has held, "a collective bargaining agreement can be adopted by conduct manifesting an intention to be bound by its terms," which can be demonstrated by an employer making "contributions to the Fund in accordance with the governing collective bargaining agreements." *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 448 (4th Cir. 2015). As discussed in further detail below, Defendant submitted remittance reports identifying the amounts it owed the Pension Fund for months in 2021 and 2022; as such, Defendant manifested its intention to be bound to the Local 630 CBA for this period. (*See* Dkt. No. 17 at 1–2.)

Pursuant to the Local 630 CBA (*see* Dkt. No. 12-1 at 10; Dkt. No. 17-1 at 7), Defendant Eldred A/C agreed to pay to the Pension Fund certain sums of money for each hour worked by Defendant's employees covered by the CBA and also agreed to be bound to the Restated Agreement and Declaration of Trust establishing the National Pension Fund ("Trust Agreement") adopted by the Pension Fund, as amended on February 25, 2021. (Dkt. No. 1 ¶ 12; *see* Dkt. No. 12-1 ¶ 3 & pp. 30, 41.) Despite its obligations under the Local 630 CBA, however, Defendant has failed to make contributions due to the Pension Fund for work performed by Defendant's covered employees for the months of September 2021 through December 2021 and February 2022 through July 2023. (Dkt. No. 1 ¶ 8.) Specifically, for the months of September 2021 through December 2021, February 2022

through July 2022, and October 2022 through December 2022, Defendant provided the required remittance reports, but failed to make the corresponding required contributions. (Dkt. No. 12-1 ¶ 8; *see* Dkt. No. 1 ¶ 9.) Additionally, for the months of August 2022 through September 2022, and January 2023 through July 2023, Defendant failed to both submit the required remittance reports and make the required contributions. (Dkt. No. 12-1 ¶ 8; *see* Dkt. No. 1 ¶ 10.) Accordingly, because Defendant Eldred A/C failed to fulfill its contractual obligations for these periods for covered employees under the Local 630 CBA, the undersigned recommends a finding that Defendant is liable to the Pension Fund for the unpaid contributions due for covered employees for this period. *See* 29 U.S.C. §§ 185, 1132, 1145; Dkt. No. 1 ¶ 11.

## VII. Damages

Pursuant to ERISA, the Local 630 CBA, and the Trust Agreement, a delinquent employer, such as Defendant, may be required to pay the following, in addition to the unpaid contributions: (1) liquidated damages in the amount of 10% of the amount due if payment is not received by the due date, (2) interest at a rate of up to 12% per annum, on the amount due form the date of delinquency until the date of payment, and (3) the reasonable attorneys' fees and costs incurred by the Pension Fund in pursuing the delinquent contributions, including those incurred in this action. *See* 29 U.S.C. § 1132(g)(2); Dkt. No. 12-1 ¶ 16 & p. 31.

Here, Plaintiff submitted a declaration from Toni C. Inscoe, Administrator of the Pension Fund, in support of its claim for damages. (Dkt. No. 12-1.) According to Ms. Inscoe's declaration, Defendant Eldred A/C provided remittance reports identifying the amounts it owes to the Pension Fund for the months of September through December 2021, February 2022 through July 2022, and October 2022 through December 2022, but failed to make the corresponding contributions. (*Id.* ¶ 8.) Based on those remittance reports, Defendant owes unpaid contributions in the amount of $19,663.42

for those months.  (*See id.* ¶ 9.)[2]  Additionally, Defendant Eldred A/C did not submit the required remittance reports or make the required contributions for the months of August 2022 through September 2022 and January 2023 through July 2023.  (*Id.* ¶ 8.)  Accordingly, pursuant to Article VI, Section 6 of the Trust Agreement, the Pension Fund is entitled to collect contributions based on an estimated number of hours, calculated by determining the average contribution for the last three months for which remittances were received (here, January 2022, August 2021, and July 2021).  (*Id.* ¶¶ 10–12 & pp. 54, 62, 65–69.)  For these months, Defendant owes unpaid contributions in the total amount of $13,302.45.  (*Id.* ¶ 12 & p. 62.)  In total, Defendant owes **$32,965.87** to the Pension Fund for unpaid contributions during the period September 2021 through December 2021 and February 2022 through July 2023.  (*Id.* ¶ 17.)

Finally, pursuant to Article VI, Section 5 of the Trust Agreement, Defendant owes **$3,296.59** in liquidated damages for the months of September 2021 through December 2021 and February 2022 through July 2023 (at the rate of 10% of the total amount owed for unpaid contributions, i.e., $32,965.87), and **$4,485.63** in interest (assessed at the rate of 12% per annum from the due date through November 17, 2023).  (*Id.*  ¶ 16 & p. 62.)

VIII.   **Attorneys' Fees and Costs**

Plaintiff requests an award of attorneys' fees and costs in the amount of $3,610.75 pursuant to ERISA, 29 U.S.C. § 1132(g).  (*See* Dkt. No. 12-2 ¶ 8.)  In support of this request, Plaintiff submitted a declaration from John R. Harney, Plaintiff's counsel of record, detailing the fees and costs incurred in connection with prosecuting this action. (Dkt. No. 12-2.)  The total amount of the attorneys' fees incurred was $2,913.75 for 9.25 hours of billable work at an hourly rate of $315.  (*Id.*

---

[2] Although the Inscoe declaration states that this amount is $19,663.40, the undersigned has calculated the total amount due for these months as $19,663.42, which is consistent with Plaintiff's claim for $32,965.87 in total unpaid contributions ($19,663.42 + $13,302.45 = $32,965.87).

¶¶ 4, 6.) Counsel spent time drafting, reviewing, and preparing the complaint, request for entry of default, notices of appearance, and the Motion for Default Judgment. (*Id.* ¶ 5.)

Upon review of Plaintiff's counsel's time entries (*id.* at p. 6), the undersigned finds that the number of hours counsel expended on the matter is reasonable and that the hourly rates charged are consistent with reasonable rates charged in the Eastern District of Virginia for similar matters. *See, e.g.*, *Bd. Trs., Sheet Metal Workers' Nat'l Pension Fund v. J&J Advanced Thermal Sols., Inc.*, 1:22CV557, 2022 WL 3500201, at *5 (E.D. Va. Aug. 1, 2022), *report and recommendation adopted*, 2022 WL 3448040 (E.D. Va. Aug. 17, 2022) (finding 20.6 hours of work billed at the rate of $275 per hour for attorney time and $150 per hour for paralegal time in ERISA action was reasonable); *Bd. Trs., Sheet Metal Workers' Nat'l Pension Fund v. J. Strober & Sons Roofing, LLC*, 121CV1405LOTCB, 2022 WL 1598955, at *6 (E.D. Va. Apr. 21, 2022), *report and recommendation adopted*, 2022 WL 1597825 (E.D. Va. May 19, 2022) (finding 24.2 hours of billable work at the rate of $275 per hour for attorney time and $150 per hour for paralegal time in ERISA action was reasonable). As such, the undersigned recommends that the Court grant Plaintiff's request for attorneys' fees.

Finally, Plaintiff requests an award of costs in the amount of $697.00—comprised of $402.00 in filing fees and $295.00 in process server fees—which the undersigned finds reasonable. (*See* Dkt. No. 12-2 ¶ 7.)

## IX. Recommendation

For the reasons stated above, the undersigned recommends that the Court enter an order (1) granting Plaintiff's Motion for Default Judgment (Dkt. No. 11), and (2) entering judgment against Defendant Eldred Air Conditioning Inc. in the amount of **$44,358.84**, which includes amounts due for unpaid contributions, interest, and liquidated damages totaling **$40,748.09,** and attorneys' fees and costs totaling **$3,610.75.**

## X. Notice

The parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72(b), must be filed within fourteen (14) days of its service. Failure to timely object waives appellate review of the substance of this Report and Recommendation and any judgment or decision based on it.

Plaintiff is directed to send copies of this Report and Recommendation to Defendant Eldred A/C at its last known address, as well as via email to Defendant if Plaintiff has such contact information for Defendant.

**ENTERED** this 15th day of December, 2023.

_Lindsey R Vaala_
Lindsey Robinson Vaala
United States Magistrate Judge

Alexandria, Virginia